PD-0270-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/6/2015 9:20:11 AM
Accepted 5/6/2015 2:00:05 PM
ABEL ACOSTA
CLERK

CAUSE NO. PD-0270-15

IN THE

COURT OF CRIMINAL APPEALS

FOR THE

STATE OF TEXAS

---

JOSEPH SULLIVAN,

PETITIONER

V.

THE STATE OF TEXAS,

RESPONDENT

---

## STATE'S REPLY TO PETITION FOR DISCRETIONARY REVIEW

---

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

MICHAEL J. WEST
Assistant Criminal District Attorney
Bar I.D. No. 21203300

FILED IN
COURT OF CRIMINAL APPEALS

May 6, 2015

ABEL ACOSTA, CLERK

Smith County Courthouse
100 N. Broadway
Tyler, Texas 75702
ph: (903) 590-1720
fax: (979) 590-1719
mwest@smith-county.com

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................. iii

STATEMENT REGARDING ORAL ARGUMENT ........................... 1

STATEMENT OF THE CASE ........................................... 2

STATEMENT OF PROCEDURAL HISTORY ............................. 2

RESPONSE TO GROUNDS FOR REVIEW .............................. 3

REPLY TO REASONS FOR REVIEW ................................... 3

**REPLY TO GROUNDS FOR REVIEW:**

**There was no error in the Court of Appeals holding that the trial court did not abuse its discretion in the admission of nine pornographic photographs offered by the State to rebut the cross-examination of the victim and to show Petitioner's intent to gratify his sexual desires** ............................. 3

PRAYER FOR RELIEF ............................................... 11

CERTIFICATE OF COMPLIANCE ..................................... 11

CERTIFICATE OF SERVICE .......................................... 12

## INDEX OF AUTHORITIES

**STATUTES AND RULES**         **PAGE**

**TEXAS RULES OF APPELLATE PROCEDURE (Vernon 2015)**

Rule 47.7 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**TEXAS RULES OF EVIDENCE (Vernon 2013)**

Rule 404 (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**STATE CASES**         **PAGE**

*Bass v. State*, 270 S.W.3d 557
(Tex.Crim.App. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Blackwell v. State*, 193 S.W.3d 1
(Tex.App.- Houston [1ˢᵗ Dist.] 2006, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . 9

*Carrillo v. State*, 98 S.W.3d 789
(Tex.App. - Amarillo 2003, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Dial v. State*, No. 05-09-00741-CR, 2010 Tex.App. LEXIS 9273,
(Tex.App. - Dallas Nov. 22, 2010, *no pet. h.*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ficarro v. State*, No. 13-03-00439-CR, 2007 Tex.App. LEXIS 3166
(Tex.App. - Corpus Christi Apr. 26, 2007, *pet. ref'd*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Guevara v. State*, 152 S.W.3d 45
(Tex.Crim.App. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*King v. State*, No. 12-07-00433-CR, 2010 Tex.App. LEXIS 2811
(Tex.App. -  Tyler Apr. 16, 2010, *pet. ref'd*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**STATE CASES (CONT)**                                                    **PAGE**

*Moses v. State*, 105 S.W.3d 622
(Tex.Crim.App. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

*Sarabia v. State*, 227 S.W.3d 320
(Tex.App. - Fort Worth 2007, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . .   5

*Stinson v. State*, No. 05-07-01236-CR, 2009 Tex.App. LEXIS 3186
(Tex.App. - Dallas May 8, 2009, *no pet.*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

*Watkins v. State*, No. 02-12-00024-CR, 2013 Tex.App. LEXIS 1512
(Tex.App. - Fort Worth Feb. 14, 2013, *pet. ref'd*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Wheeler v. State*, 67 S.W.3d 879
(Tex.Crim.App. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

*White v. State*, No. 02-07-00089-CR, 2008 Tex. App. LEXIS 3977
(Tex.App. - Fort Worth May 29, 2008, *pet. ref'd*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

CAUSE NO. PD-0270-15

IN THE

COURT OF CRIMINAL APPEALS

FOR THE

STATE OF TEXAS

JOSEPH SULLIVAN,

PETITIONER

V.

THE STATE OF TEXAS,

RESPONDENT

**STATE'S REPLY TO PETITION FOR DISCRETIONARY REVIEW**

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

Comes now the State of Texas, by and through the undersigned Assistant Criminal District Attorney, and respectfully urges this Court to deny discretionary review in the above-numbered cause.

### STATEMENT REGARDING ORAL ARGUMENT

Because the issue raised by the petition in this case involves the resolution of

1

a legal issue by the Court below, and because the Court below did not publish its memorandum opinion, there will be no effect upon the jurisprudence of the State. Oral argument would likely not be helpful to the Court. However, since Petitioner has requested oral argument, the State also requests permission to present oral argument upon submission of the case should the Court deem it necessary.

## STATEMENT OF THE CASE

Petitioner, Joseph Sullivan, was indicted in Cause No. 007-1018-12, filed in the 7th District Court of Smith County, Texas, with the offense of Continuous Sexual Abuse of a Child. (CR: 1). The case was tried to a jury in July of 2013. Petitioner was found guilty by the jury of the offense alleged in the indictment. (RR 30: 28). After hearing additional evidence and argument, the jury assessed a sentence to Petitioner of Life in confinement in the Texas Department of Corrections - Institutional Division and no fine. (RR 31: 35). Petitioner appealed to the 12th District Court of Appeals.

## STATEMENT OF THE PROCEDURAL HISTORY

The unpublished decision from the 12th Court of Appeals was rendered on February 11, 2015. *Sullivan v. State*, No. 12-13-00253-CR, 2015 Tex. App. LEXIS 1304 (Tex.App. - Tyler Feb. 11, 2015) (not designated for publication). Petitioner filed his petition for review on April 24, 2015. The State's response will be timely filed if postmarked on or before May 11, 2015.

2

Petitioner alleges as reasons to review this case that the opinion of the Court below is in conflict with the holdings of another Court of Appeals or with this Court. (Petition at 3). However, Petitioner fails to cite to any case from a Court of Appeals, or from this Court, which is in actual conflict with the opinion of the 12th Court of Appeals in this case.

## REPLY TO GROUND FOR REVIEW

**There was no error in the Court of Appeals holding that the trial court did not abuse its discretion in the admission of nine pornographic photographs offered by the State to rebut the cross-examination of the victim and to show Petitioner's intent to gratify his sexual desires**

A. Under his ground for review, Petitioner argues that the 12th Court of Appeals erred in finding that the trial court correctly admitted:

> . . . nine of approximately two thousand photographs recovered from Appellant's laptop. Each of these pictures depicts one or more young girls. In five of the pictures, the girls are nude or partially nude. In three of the remaining four pictures, the girls depicted are wearing only undergarments, and in the fourth picture, the girl is wearing an ill-fitting and revealing bathing suit.

> *Sullivan*, 2015 Tex. App. LEXIS 1304 at *5.

According to Petitioner, the 12th Court's decision erred in finding that the nine pictures were properly admitted where there was no "causal link" in the record to establish that Petitioner was aroused. (Pet. at 5). However, the causal link, if required

3

at all, is clearly implicit in Petitioner's possession of photographs depicting "young girls" in various stages of nudity. A juror viewing these photographs could reasonably conclude that Petitioner was aroused by the subject of the photographs and that he had the intent to sexually abuse the young female victim in this case.

This evidence was essential as well for the State in order to rebut Petitioner's attacks on the victim's credibility which was placed at issue when Petitioner proffered evidence that she had complained that a boy at school had acted inappropriately with her by touching her on the backside. (RR 28: 27-29, 177-78, 181). The jury also heard the victim's mother deny that the victim had ever told her that Petitioner was "messing in my pants" as the victim testified she had at trial. (RR 28: 172-73; RR 29: 72). Testimony further showed that during a CAC interview the victim said that Petitioner placed his mouth on her sexual organ and made her touch herself, yet she did not testify about that at trial. (RR 28: 219). The record shows there were no signs of physical trauma seen on the victim's sexual organ or her anus. (RR 28: 220). During closing arguments, Petitioner's attorney told the jury:

> You know, it always cautioned (sic) when someone goes to too great lengths to prove anything to anybody. **The bottom line in this case is the credibility of the witnesses, primarily, [the victim]. She was the only witness that means anything in the case.**

> (RR 30: 15-16).

4

Petitioner continued by arguing that "the State put the pictures in to get a reaction out of you. They don't want you to care about the evidence. They don't want you to care about the demeanor of the child, which was testified to." (RR 30: 17). He criticized the victim, inferring that her long-standing silence about the abuse was indicative of her lack of credibility: "And the fact that this went on, allegedly, for nine months, because they moved in August, September of 2011, and she said it started shortly thereafter into April of 2012. Never said a word. Nine months. Never said a word." (RR 30: 19).

## B.    The 12th Court's Decision is Consistent with the Law

Petitioner claims that the decision below conflicts with holdings of this Court and another court of appeals. (Pet. at 4).

However, several appellate opinions have held that similar evidence would be admissible to rebut  attacks on a victim's credibility and/or to show intent. *See Watkins v. State,* No. 02-12-00024-CR, 2013 Tex.App. LEXIS 1512, *8-9 (Tex.App. - Fort Worth Feb. 14, 2013, *pet. ref'd*) (not designated for publication) (defendant's viewing of child pornography tended to corroborate the testimony of one victim that he had once shown her videos of fathers and daughters engaging in sexual acts); *Sarabia v. State,* 227 S.W.3d 320, 323-25 (Tex.App. - Fort Worth 2007, *pet. ref'd*) (contact sheets depicting child pornography were admissible because they tended to

5

show defendant's intent or motive to arouse or gratify his sexual desire via underage boys); *Ficarro v. State*, No. 13-03-00439-CR, 2007 Tex.App. LEXIS 3166, 20-31 (Tex.App. - Corpus Christi Apr. 26, 2007, *pet. ref'd*) (not designated for publication) (images of child pornography were admissible as probative of appellant's intent to commit sexual offenses against children as alleged in the State's indictment); *White v. State*, No. 02-07-00089-CR, 2008 Tex.App. LEXIS 3977, 13-17 (Tex.App. - Fort Worth May 29, 2008, *pet. ref'd*) (not designated for publication) (where intent to arouse or gratify sexual desire was an implicit element of the crime, pornographic photographs were admissible because they tended to show defendant's intent or motive to gratify his sexual desires via underage girls); *Stinson v. State*, No. 05-07-01236-CR, 2009 Tex.App. LEXIS 3186 (Tex.App. - Dallas May 8, 2009, *no pet.*) (not designated for publication) ("Courts have concluded that, in cases such as these, the defendant's possession or viewing of child pornography is relevant circumstantial evidence of the defendant's intent to arouse or gratify his sexual desire."); *Young v. State*, 242 S.W.3d 192, 201 (Tex.App. - Tyler 2007, *no pet.*) (admitted photographs of pornographic magazines relevant to prove appellant's intent and lack of fabrication by victim).[1]

---

[1] The State offers unpublished opinions to point out the reasoning of the court when faced with similar facts "rather than simply arguing without reference, that same reasoning." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex.App. - Amarillo 2003, *pet. ref'd*).

6

This Court has long held that the State is allowed to prove intent through circumstantial evidence. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex.Crim.App. 2004). Evidence that Petitioner possessed child pornography depicting young girls is certainly a circumstance that tends to show that he had the intent to be aroused by engaging in sexual conduct with the young female victim in this case. The holdings of the cases cited above further establish that extraneous offenses, like the possession of child pornography here, are admissible under the Rules of Evidence where the State is required to prove a defendant's motive or intent to commit the offense alleged by the indictment.[2]

Additionally, Petitioner's attempt to portray the victim in this case as trying to retaliate against him for not allowing her to clean a flowerbed makes this case somewhat similar to the facts of *Dial v. State*, No. 05-09-00741-CR, 2010 Tex.App. LEXIS 9273, (Tex.App. - Dallas Nov. 22, 2010, *no pet. h.*) (not designated for

---

[2] For instance, Texas Rule of Evidence 404 (b) specifically provides that:

> **(b) Other Crimes, Wrongs or Acts.** – Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.
>
> TEX. EVID. R. 404 (b) (Vernon 2013).

publication). In *Dial*, it was alleged that the trial court improperly admitted photographs found on the appellant's lap top of young females showing or touching their breasts or performing oral sex on a male after the appellant testified that the victims made up the stories and were lying to break up his marriage and get more freedom. *Id.* at * 4-5. In finding no error, the 5th Court of Appeals stated:

> Rule 404 (b) prohibits the admission of extraneous-offense evidence to prove an individual's character or to show action in conformity with that character. TEX. R. EVID. 404 (b). This limitation is not based on legal relevance; rather, the evidence is inherently prejudicial, has a tendency to confuse the issues, and forces the accused to defend himself against uncharged crimes in addition to the charged offense. *Daggett v. State*, 187 S.W.3d 444, 451 (Tex.Crim.App. 2005); *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Crim. App. 1972).

> Yet extraneous-offense evidence may be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX. R. EVID. 404 (b). Rebuttal of a defensive theory is also a permissible purpose under rule 404 (b). *See Moses v. State*, 105 S.W.3d 622, 626 (Tex.Crim.App. 2003); *Albrecht*, 486 S.W.2d at 101. For example, evidence of extraneous offenses in sexual assault cases is properly admitted under rule 404(b) to rebut a defensive theory of retaliation or fabrication or that the defendant is "the innocent victim of a 'frame-up' by the complainant or others." *Wheeler v. State*, 67 S.W.3d 879, 888 n.22 (Tex.Crim.App. 2002); *see also Bass v. State*, 270 S.W.3d 557, 563 & n.8 (Tex.Crim.App. 2008).

> *Dial, supra* at *7.

The 5th Court's decision in *Dial* was supported by the well-established precedent that an extraneous offense may be admissible to rebut a defensive theory

8

of "fabrication," "frame-up," or "retaliation." *Bass*, 270 S.W.3d at 563; *Wheeler*, 67 S.W.3d at 888 n.22; *King v. State*, No. 12-07-00433-CR, 2010 Tex.App. LEXIS 2811 (Tex.App. - Tyler Apr. 16, 2010, *pet. ref'd*) (not designated for publication). To be admissible for rebuttal of a fabrication defense, the extraneous offense must be "similar to the charged one and an instance in which the 'frame-up' motive does not apply." *Wheeler*, 67 S.W.3d at 887 n.22. The degree of similarity required to rebut a defensive issue is not great; the extraneous offense need not be identical to the charged offense. *Blackwell v. State*, 193 S.W.3d 1, 13 (Tex.App.- Houston [1st Dist.] 2006, *pet. ref'd*).

In this case, the 12th Court properly applied a Rule 403 balancing test and recognized that the trial court's decision to admit only nine of the approximately 2000 available photos was a reasonable exercise of discretion. Further, the Court explained that:

> ... the State did not spend an excessive amount of time developing this evidence. All argument concerning the admissibility of these photographs was conducted outside of the jury's presence. The State proved up the photographs with only three questions. Once the photographs were offered into evidence and published to the jury, the State concluded its examination and rested. Further still, while the State made references to these photographs in its jury argument, it did so while drawing a clear line to the intent element.

> *Sullivan*, 2015 Tex. App. LEXIS 1304, 11-12.

9

The trial court's carefully-considered decision to admit the photographs was completely in line with the law and the 12th Court's decision that it was not an unreasonable abuse of that court's discretion was proper. *Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim.App. 2003) (The test for abuse of discretion is whether the trial court's action falls within the zone of reasonable disagreement). Consequently, there was no error in the admission of photos which were clearly relevant under Rule 404 (b) to show Petitioner's identity and intent and to rebut his claim of retaliatory fabrication by the victim. *Moses*, 105 S.W.3d at 626; *Bass*, 270 S.W.3d at 563; *Sarabia*, at 324. Petitioner offer no authority to show otherwise.

## C. CONCLUSION

It is respectfully submitted that Petitioner has not shown how the unpublished decision of the court below will have any effect on the jurisprudence of this State, or even Smith County. TEX. R. APP. PROC. ANN. Rule 47.7 (a) (Vernon 2015). Petitioner has not presented proper reasons for the Court to review this case and his petition should be refused.

## PRAYER

WHEREFORE, the State of Texas prays that the Court of Criminal Appeals deny this Petition for Discretionary Review and affirm the decision of the 12th District Court of Appeals in this case.

Respectfully submitted,

D. MATT BINGHAM
Smith County Criminal District Attorney

Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)
mwest@smith-county.com

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the pertinent sections of the State's Reply Brief in the above numbered cause contain 1,943 words, an amount which complies with Texas Rule of Appellate Procedure 9.4 (i)(2)(D).

Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _6th_ day of _May_ , 2015, the following have been completed:

(1) A legible copy of the State's Response to Petition for Discretionary Review in the above numbered cause has been sent via electronic filing to the Clerk of the Court of Criminal Appeals.

(2) A legible copy of the State's Response to Petition for Discretionary Review in the above numbered cause has been sent via electronic filing to:

> Hon. Lisa McMinn
> State Prosecuting Attorney
> P.O. Box 12405
> Austin, Texas 78711
>
> Mr. James W. Huggler, Jr.
> Attorney at Law
> 100 E. Ferguson, Suite 805
> Tyler, Texas 75702

Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)